■ SYDNEY L. FREHAFER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 47978.) — HERLIHY, J. Appeal by the claimant from a judgment of the Court of Claims, entered October 1, 1968, which dismissed his claim

upon the ground that he was contributorily negligent. The claimant, traveling in a southerly direction on Route 11 approximately 3.1 miles south of the village of Whitney Point, New York, while proceeding up an incline of a three-lane road (two lanes for southerly traffic) and while passing a line of vehicles, proceeded over the crest of the hill, apparently observed that the road reverted to two lanes, applied his brakes on the wet pavement, causing the automobile to "fishtail", crossing to the wrong side of the highway and colliding with a north bound automobile traveling on its own side of the road. From the photographs in evidence, it would appear that where the accident happened was still part of the three lane highway. The court found "that the State was negligent in the designing and signing of the highway [Route 11] at the place of the accident and that such negligence was a proximate cause of the accident." It then found, "When one approaches the crest of a hill beyond which he cannot see, it seems that a prudent driver would have his car under control in anticipation of possible hazards that he might encounter." The legal speed limit at the place of the accident was 50 miles per hour and the court found that the claimant was proceeding at that speed. Claimant has amnesia as to the accident and the events surrounding it. Upon the present record, it cannot be said that the sign which indicated that the claimant's outside lane would narrow rather than his driving lane created a trap because there is no evidence that claimant observed that sign and, therefore, the sign, as such, could not be the proximate cause of the happening of the accident. However, as claimant approached the crest of the hill there was a "no passing" sign and before that there was the sign indicating that the road narrowed. While those signs might have been inadequate to warn the claimant that his lane would shift to the right, nevertheless they were adequate to warn of a hazardous driving condition ahead and out of sight as one approached the crest of the hill. Under such circumstances a reasonable and prudent person would have proceeded at less than the posted rate of speed or would have been prepared to brake his car so as not to lose control when he reached the hazardous situation on what was described as a wet and slippery road. We affirm the finding that the claimant was contributorily negligent and, accordingly, do not pass on the issues of whether or not the State was negligent or that such negligence was a proximate cause of the accident. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.; Aulisi, J., not voting.